OPINION
{¶ 1} B.D. is appealing from the decision to grant permanent custody of three of her children to Franklin County Children Services ("FCCS"). She assigns three errors for our consideration:
 [I.] THE TRIAL COURT ERRED IN GRANTING FRANKLIN COUNTY CHILDREN SERVICES MOTION FOR PERMANENT CUSTODY WHEN THE MOTION WAS NOT TIMELY FILED PURSUANT TO O.R.C. § 2151.415(A).
 [II] THERE IS INSUFFICIENT CREDIBLE EVIDENCE TO SUPPORT THE JUDGMENT OF THE TRIAL COURT WHICH IS OTHERWISE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 [III] APPELLANT WAS DEPRIVED THE EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 2} On July 16, 2003, complaints were filed which alleged that the three children were neglected and/or dependent. The children were found to be dependent at an uncontested hearing held in October 2003.
 {¶ 3} In October 2004, FCCS filed a motion seeking permanent court commitment ("PCC") of the children. A hearing on the motion was conducted finally beginning on September 28, 2006 and concluding in March 2007. Almost six months elapsed between the initial hearing and the final two hearings.
 {¶ 4} The trial court granted the motion seeking PCC and this appeal has followed. *Page 3 
 {¶ 5} The first assignment of error asserts that the trial court lost jurisdiction over B.D. and her children because of delay in filing the motion seeking PCC. This assignment of error is based upon R.C.2151.353(F) which reads:
 Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 [2151.41.5] of the Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section.
The assignment of error also references R.C. 2151.415(A), which mandates the filing of a motion for PCC at least 30 days before the end of temporary custody.
 {¶ 6} The Supreme Court of Ohio has ruled that the passing of the so-called sunset date of R.C. 2151.353(F) does not divest the trial court of jurisdiction to make further dispositional orders which are deemed as necessary to protect children. See In re Young Children
(1996), 76 Ohio St.3d 632, 1996-Ohio-45. The Supreme Court of Ohio specifically granted on-going jurisdiction when the problems which led to the original grant of temporary custody have not been resolved.
 {¶ 7} B.D. tested positive for cocaine and marijuana when she gave birth to her youngest child. This led to her entering an in-patient drug rehabilitation center and submitting to tests for controlled substances after her release from the center. The trial court found the drug problem to be unresolved throughout the terms of the proceedings. Thus,In re Young Children, idem., indicates that the trial court had continuing jurisdiction to help and protect the children.
 {¶ 8} The first assignment of error is overruled. *Page 4 
 {¶ 9} The second assignment of error alleges that the evidence before the trial court did not support the granting of PCC. The proof in support of the motion must be clear and convincing. See R.C. 2151.414. Such proof was present here.
 {¶ 10} The trial court found, based upon the evidence before it:
 1. The father never participated in any way in this case. The mother did fail to remedy the problems of drug use, emotional stability, anger and conflict with everyone in contact with her, which initially caused the child to be removed and failed continuously and repeatedly to do so although drug treatment was capable (sic).
 2. Following placement outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the mother has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home.
 The Court further finds:
 1. The parent has not substantially remedied these conditions and has not utilized the following services and material resources, to wit: psychiatric, psychological, individual counseling, family counseling, other social services, chemical dependency, and rehabilitation sources for the purpose of changing parental conduct to all [sic] her resume and maintain parental duties.
 2. The mother is affected by chronic emotional illness and drug abuse, that is so severe that it makes the parent unable to provide an adequate permanent home for the child at this time and, as anticipated, within one (1) year after the Court holds this permanent custody hearing pursuant to O.R.C. Section 2151.353(A)(4) or Section 2151.414(A).
 3. The mother has chronic emotional stability that results in conflict with everyone and anyone with whom she has contact, including these children. That emotional instability prevents the mother from being capable of meeting the needs of the children or anyone else in her life. *Page 5 
Again, this evidence fully supported the trial court's decision to grant PCC to FCCS.
 {¶ 11} The second assignment of error is overruled.
{¶ l2} The third assignment of error suggests that B.D. received ineffective assistance from her trial counsel. Ineffective assistance of counsel is evaluated with reference to the standards set forth inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. The standards are summarized in In re Kramer, Franklin App. No. 02AP-1038, 2003-Ohio-2277, at ¶ 69, as follows:
 The proper test for judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial process cannot be relied upon as having produced a just result. Id. To succeed on a claim of ineffective assistance of counsel, a client must satisfy a two-prong test. First, he must demonstrate that counsel's performance was deficient. Id. at 687. To meet that requirement, the client must demonstrate that counsel committed errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. The client may prove deficient conduct by identifying acts or omissions that were not the result of reasonable professional judgment, and in light of all the circumstances, that the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690. Second, if the client is able to demonstrate that counsel's conduct was deficient, the client must then demonstrate that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.
 {¶ 13} Applying these standards, we find no basis in the record before us for finding that trial counsel for B.D. rendered ineffective assistance.
 {¶ 14} The fact that trial counsel did not seek dismissal of the case after the so-called sunset date would not have changed the outcome of the proceedings. Pointing out *Page 6 
the passing of the sunset date would only have led to a refiling or a hearing in which the trial court's findings about mental health issues and substance abuse issues would have led the trial court to continue or reinstate temporary custody with FCCS.
 {¶ 15} The fact that FCCS did not have valid temporary custody of the children for 12 out of 22 months before the filing of the motion seeking PCC did not affect the outcome of the motion in light of the clear finding of the trial court that the mother's substance abuse problem and mental health problem made the granting of PCC necessary. The trial court's findings with respect to these issues were independent of the length of the temporary commitment and formed a valid, separate legal basis for the granting of PCC. The failure of trial counsel to raise and argue the length of commitment issues could not have affected the outcome of the motion.
 {¶ 16} The third assignment of error is overruled.
 {¶ 17} All the assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
 SADLER, P.J., and McGRATH, J., concur. *Page 1